# MENZ BONNER & KOMAR LLP

ATTORNEYS AT LAW

TWO GRAND CENTRAL TOWER
140 EAST 45TH STREET, 20TH FLOOR
NEW YORK, NEW YORK 10017
www.mbklawyers.com

TEL: (212) 223-2100                                    FAX: (212) 223-2185

June 30, 2008

**VIA ECF FILING AND BY HAND DELIVERY**

The Honorable Naomi R. Buchwald
United States District Court
Southern District of New York
500 Pearl Street, Room 2270
New York, New York 10007

      Re:    *Jiri Pik v. The Institute of International Education, et. al.*
            No. 08 Civ. 3909 (NRB) - REQUEST FOR PRE-MOTION CONFERENCE

Dear Judge Buchwald:

      We represent defendant Institute of International Education ("IIE") in the above-referenced action. We write pursuant to Rule 2A of Your Honor's Individual Practices to request a pre-motion conference with respect to defendant IIE's anticipated motion to dismiss the Complaint for failure to state a claim pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

      Factual Background – This action arises from the denial of plaintiff Jiri Pik's 2001 application to participate in The J. William Fulbright Foreign Scholarship Program. The defendants here are the IIE, the J. William Fulbright Commission of the Czech Republic (the "Czech Commission"), and certain unnamed John Does. The IIE is a New York independent not-for profit organization that administers the Fulbright Foreign Student Program on behalf of the United States Department of State. The Fulbright Program was established by Congress in 1946 and is designed, among other things, to bring citizens of other countries to the United States to study at U.S. universities and institutions. The Program is facilitated in part by bi-national Fulbright Commissions, like the defendant Czech Commission here, to which foreign students file applications for acceptance in the Program. Foreign students like plaintiff Jiri Pik, a Czech citizen who resides in England, do not make direct application to the IIE, and the IIE neither rules on nor rejects student applications. *See generally* www.iie.org.

      According to the Complaint ("Compl."), Mr. Pik applied to the defendant Czech Commission for Fulbright scholarship funds in July or August of 2001. Compl. ¶ 8. The plaintiff alleges he received correspondence from the Czech Commission in September 2001 awarding him the Fulbright scholarship, but that on April 22, 2002, the Czech Commission issued a "resolution" by which it withdrew Mr. Pik's scholarship. *Id.* ¶ 13. The plaintiff further alleges, *inter alia,* that defendants engaged in a "pattern of harassment" because Plaintiff "would not adhere politically to the Czech party line" and

MENZ BONNER & KOMAR LLP

The Hon. Naomi R. Buchwald
June 30, 2008
Page 2 of 3

would "expose 'irregularities' in the Czech educational and political system once in the United States." *Id.* ¶ 11. Plaintiff asserts causes of action for common law fraud (Count I), breach of contract (Count II), and *quantum meruit* and unjust enrichment (Count III). The Complaint fails to state a claim pursuant to Rule 12(b)(6) for the following reasons.

Count I: Common Law Fraud – The fraud claim should be dismissed because it fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b), it fails generally to plead the elements of a fraud claim, and it is time-barred by the applicable New York statute of limitations. Federal Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Second Circuit has stated that to satisfy Rule 9(b), "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A., et al.*, 459 F.3d 273, 290 (2d. Cir. 2006). Plaintiff must also "allege circumstances giving rise to a strong inference that defendant knew the statements to be false, and intended to defraud the plaintiff." *Avile v. Feitell*, 2008 U.S. Dist. LEXIS 40319 at *6 (S.D.N.Y. 2008). In addition, in order to recover for fraud, a plaintiff must prove "a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Lerner*, 459 F.3d at 291.

Here, the complaint fails to specifically identify a single statement, act, representation or communication allegedly made by IIE to the plaintiff – fraudulent or otherwise – that IIE allegedly knew to be false. Rather, the Complaint alleges that Mr. Pik applied to the Czech Commission for his scholarship (¶ 8), interviewed with and received correspondence from the Czech Commission granting his scholarship (¶ 10), and then received a "resolution" from the Commission withdrawing his scholarship (¶ 13). With regard to IIE, the complaint alleges in conclusory terms that "defendants" made material misrepresentations, *see, e.g.*, Compl. ¶ 20, but fails to specifically identify any statements made by IIE. *See Filler v. Hanvit Bank*, 2003 U.S. Dist. LEXIS 15950 at *7 (S.D.N.Y. 2003)("a plaintiff must set forth separately the acts complained of as to each defendant"). Nor does the Complaint allege that plaintiff justifiably relied on any representations made by IIE. These allegations do not comply with the heightened pleading standard under Rule 9(b), and the fraud claim should be dismissed.[1]

Moreover, plaintiff's fraud claim is time-barred. The statute of limitations for fraud claims is governed by N.Y. CPLR § 213(8), which requires that an action for fraud be commenced within six years from the date the cause of action accrued or two years from when plaintiff with reasonable diligence could have discovered the alleged

---

[1] Plaintiff appears to have named IIE in this lawsuit simply to obtain subject matter jurisdiction in New York. The claims here involve a Czech citizen against the Czech Fulbright Commission and as pleaded have nothing to do with the IIE's role in administering the Fulbright Program in the United States. Moreover, IIE appears to have been served with a summons directed to the Czech Commission and reserves the right to move to dismiss on the additional grounds of defective service of a summons.

Case 1:08-cv-03909-NRB    Document 3    Filed 06/30/2008    Page 3 of 3

MENZ BONNER & KOMAR LLP

The Hon. Naomi R. Buchwald
June 30, 2008
Page 3 of 3

fraud, whichever is greater. CPLR § 213(8). Here, plaintiff's cause of action accrued no later than April 22, 2002, when the Czech Commission allegedly withdrew plaintiff's scholarship. Compl. ¶ 14. Plaintiff did not file his Complaint until April 25, 2008, and the fraud claim is therefore time-barred.[2]

          Count II: Breach of Contract – To establish breach of contract, plaintiff must allege facts showing the existence of an agreement, adequate performance of the contract by plaintiff, breach of contract by defendant, and damages. *See DBT GMBH, et al. v. J.L. Mining Co.*, 2008 U.S. Dist. LEXIS 28564, *25 (S.D.N.Y. 2008). Here, the complaint fails to allege that any contract or agreement existed between IIE and plaintiff. Although plaintiff summarily alleges that "*defendants* unconditionally agreed in writing to provide scholarship funds" (¶ 24, emphasis added), the complaint earlier alleges that such correspondence came from the Czech Commission, which also issued the resolution that allegedly breached the agreement. *Id.* ¶¶ 9-10, 13. Moreover, any claim for breach of contract is barred by the applicable statute of limitations. CPLR § 213(2) mandates that contract claims must be filed within six years after the date of the alleged breach. Plaintiff alleges that the contract was breached on April 22, 2002, when the Czech Commission issued its resolution, and therefore the action was untimely when filed on April 25, 2008. Plaintiff's contract claim should be dismissed.

          Count III: Quantum Meruit and Unjust Enrichment – In order to state a *quantum meruit* claim, plaintiff must allege that he rendered services to defendant, that defendant accepted those services, and that plaintiff expected compensation for the reasonable value of the services. *See Direct Inv. Partners AG v. Cerberus Glob. Invs.*, 2008 U.S. Dist. Lexis 8953, *22 (S.D.N.Y. 2008). Similarly, for unjust enrichment, "the plaintiff must establish that (1) the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Musket Corp. v. PDVSA Petroleo S.A.*, 512 F.Supp.2d 155, 160-61 (S.D.N.Y. 2007). Here, the complaint fails to allege that plaintiff rendered any services to IIE or that IIE received any benefits from plaintiff.

          Based on the foregoing, we respectfully request a pre-motion conference with Your Honor so that a briefing schedule may be established on the proposed motion.

Very truly yours,

Patrick D. Bonner, Jr.

cc:    Sheldon Karasik, Esq., counsel for plaintiff (via fax and regular mail)

---

[2] There can be no claim by plaintiff that the CPLR 213(8) statute of limitations was tolled by Mr. Pik's failure to discover the alleged fraud. According to Mr. Pik's public website, plaintiff believed as early as June 2005 that his Fulbright scholarship had been "deliberately sabotaged." *See, e.g.,* Letter to UK, Urgent Request for Political Asylum, 4/30/07, available at www.jiripik.com (as of June 30, 2008).